FARMER *v.* STATE

No. 42983 March 2, 1964 161 So. 2d 159

*Young & Hall, R. Jess Brown,* Jackson; *Jack Green-berg, Leroy D. Clark,* New York, N. Y., for appellant.

*Joe T. Patterson,* Attorney General, *J. A. Travis, Jr., Robt. G. Nichols, Jr.,* Jackson, for appellee.

GILLESPIE, J.

James L. Farmer was charged by affidavit with violation of Sec. 2087.5, Miss. Code of 1942, which denounces disorderly conduct. A judgment of conviction in police court was appealed to county court where trial de novo was had and Farmer was again convicted. From that judgment he appealed to circuit court where the case was considered on the record made in county court and the judgment was affirmed. Farmer then appealed to this Court.

On May 24, 1961, Jackson, Mississippi, was in a state of crisis. The police had information that appellant and others were coming to Jackson on a Continental Trailways bus to create an incident or trouble. The bus from Montgomery, Alabama, was scheduled to arrive at 4:45

P.M.[1] The excitement and anticipated difficulties attending appellant's arrival in Jackson are indicated by the fact that the Jackson Police Department had taken elaborate precautions. Seventy-five policemen were dispatched to the immediate area of the Continental Trailways Bus Terminal. Officers were stationed on all streets in the vicinity of the bus terminal, on parking lots, on the loading ramps at the terminal, and inside the waiting rooms. People were not allowed to congregate in the area and no one was allowed to enter the immediate area of the terminal except those having business there and newspapermen. The people generally were required by the police to keep moving or otherwise do as the police directed. When the bus arrived from Montgomery, a group of armed National Guardsmen got off first, then appellant and his companions got off and entered the waiting room wherein were twenty or more newspapermen and twenty-five or more other people.

While no one actually attempted an assault on appellant with any kind of weapon, the people in the terminal were in an angry, ugly and violent mood and began converging on appellant. Captain J. L. Ray, who was in charge of the police inside the terminal, and who was sent on this mission to preserve the peace, ordered appellant to move on and out of the terminal. Appellant ignored the order and Captain Ray gave the order again. He then asked appellant if he was going to obey the order. Upon appellant ignoring Captain Ray's order and question, he was arrested. There is no evidence that appellant had any further business in the waiting room. The undisputed testimony of an experienced po-

[1] As a matter of interest, see Thomas v. State, No. 42,987, decided by this Court February 17, 1964. It is there reflected that appellant was a fellow traveler with Thomas, defendant in that case, and appellant and Thomas were arrested at the same time.

lice officer and a newspaperman was that the circumstances were such that a breach of the peace was likely as a result of the presence of the appellant and those congregated with him. All the facts and circumstances surrounding appellant's arrest were shown by the testimony of Captain Ray and a newspaper reporter.

 ██ ██ The first question raised by appellant's brief is whether the proof was sufficient to sustain the conviction. We hold it was. The constitutent elements of the offense charged are (1) a crowding or congregating with others, (2) in a place of business engaged in serving the public, (3) the giving of an order to disperse or move on by a proper officer, (4) failure to obey the order, and (5) the existence of circumstances such that a breach of the peace might be occasioned by refusal to obey the order. Thomas v. State, No. 42,987, decided February 17, 1964, 252 Miss. 527, 160 So. 2d 657.

The first four stated elements were shown without question. The fifth element was also proven by sufficient evidence. The witnesses were of the opinion that the circumstances were such that a breach of the peace would probably have occurred. The circumstances attending the giving of the order to move on were shown, and the jury had ample evidence from which to draw an inference that a breach of the peace was imminent unless appellant and his party moved on to wherever they wished to go. It is significant that appellant does not claim he had any further business at the bus station. We hold that the evidence was sufficient to sustain the jury verdict of guilty. Thomas v. State, supra, and authorities there cited. The facts in the present case are substantially the same as in *Thomas,* except in *Thomas* there was evidence of the riots and violence which attended the travels of the "freedom riders" across Alabama on their way to Mississippi, and some additional testimony was offered of the excitement attending the arrival of the "freedom riders" in Jackson. Appellant

concedes in his brief that the facts in the "freedom rider" cases (including *Thomas*) "show a generally identical fact pattern."

■■■ Appellant also contends that his conviction is invalid because (1) it denies him the Federal right to unsegregated interstate travel guaranteed by the interstate commerce act, and (2) the statute as applied deprives appellant of equal protection of law and due process of law guaranteed by the Fourteenth Amendment to the United States Constitution, and (3) the statute as applied deprives appellant of the right of freedom of speech, assembly, and association guaranteed by the Fourteenth Amendment to the United States Constitution, and (4) the statute on its face and as applied is so vague as to amount to a denial of the due process of law under the Fourteenth Amendment to the United States Constitution.

These exact questions were raised in *Thomas* and were duly considered and rejected by the Court in that case. It would be useless to again discuss those questions.

The appellant did not testify. He offered no testimony that he was denied the right of free speech, protest, or assembly for any lawful purpose, or to do any act relating to travel. Appellant claims immunity from the laws of this State making it a misdemeanor to disobey an officer when the officer is making a reasonable effort to prevent a breach of the peace, but offered no proof whatever that he was in fact seeking to exercise any such guaranteed right. The proof showed that Captain Ray acted in good faith in an effort to keep the peace under exceedingly difficult circumstances. It cannot be contended that Captain Ray acted arbitrarily or capriciously. The right of the police to manage people in situations such as that revealed by this record must be upheld.

Affirmed.

All Justices concur.